UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GARY WAYNE STRICKLAND, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:10-CV-411 |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, *et al*, § | |
| § | |
| Defendants. § | |

# **MEMORANDUM AND ORDER**

Plaintiff Gary Strickland, a Muslim inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), has brought this lawsuit alleging that defendants violated the Texas Religious Freedom Restoration Act, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), his First Amendment right to free exercise of religion, and his Fourteenth Amendment right to equal protection by denying him halal meals or the kosher diet provided to Jewish inmates. He seeks injunctive and declaratory relief. Plaintiff has sued the following defendants: TDCJ; TDCJ Executive Director Brad Livingston; and two prison officials at the Stringfellow Unit, Frankie Reescano and Keith Lopez. Defendants filed a motion seeking dismissal of the lawsuit under Rule 12 on various grounds.

The Court first notes that plaintiff's claim for injunctive relief against defendants Lopez and Reescano is moot. A case or claim becomes moot if (1)

there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). Plaintiff filed this suit while he was confined at the Stringfellow Unit; he is now incarcerated at the Bridgeport Correctional Center. His transfer to the Bridgeport facility therefore renders his claim for declaratory and injunctive relief from these defendants moot. *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Plaintiff's claims against TDCJ are barred by the Eleventh Amendment, which deprives a federal court of jurisdiction to hear a suit against a state. Because TDCJ is an agency of the State of Texas, it cannot be sued in federal court under the Eleventh Amendment absent a waiver of its immunity from such suits. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989). Strickland has cited no waiver of TDCJ's immunity which would authorize this suit, nor is the Court aware of any. The Court therefore lacks subject matter jurisdiction and this claim against TDCJ is dismissed.

The Eleventh Amendment does not, however, bar Plaintiff's claims for declaratory and injunctive relief against Brad Livingston. *See Ex parte Young*, 209 U.S. 123 (1908) (allowing actions for injunctive relief against a state official responsible for enforcing a challenged state policy). He is the only defendant who will remain in the case.

The Court disagrees with Defendants that all of plaintiff's claims should be dismissed pursuant to the consent decree in *Brown v. Beto*, Civil Action No. H-69-CV-74 (S.D. Tex 1977), which resolved a lawsuit brought by Muslim inmates concerning the opportunity to practice their religion in Texas prisons. To the extent Plaintiff is arguing that TDCJ's actions in denying him halal meals violated that consent decree, he is precluded from seeking relief in this separate suit. *See Gillespie v. Crawford*, 858 F.2d 1101 (5th Cir. 1988) (en banc); *see also Jones v. Shabazz*, 2007 WL 2873042, at *22 (S. D. Tex. Sept. 28, 2007). But most of Plaintiff's complaint appears to pursue independent claims rather than violations of the consent decree. Two of the statutes under which he sues—RLUIPA and the Texas Religious Freedom Restoration Act—were enacted years after the *Brown v. Beto* consent decree issued. It is thus impossible that *Brown v. Beto* forecloses Plaintiff from asserting those claims. Nor does that consent decree bar constitutional claims related to Plaintiff's particular circumstances. A recent decision from this Court involving a Muslim inmate demonstrates the error of the Defendants' argument. Judge Ewing Werlein readily dismissed a Muslim inmate's claim that prison officials violated the *Brown v. Beto* consent decree, but spent more than twenty pages of his opinion addressing the merits of the plaintiff's separate claims alleging violations of RLUIPA and the Constitution. *See id*. That analysis would have been unnecessary if, as Defendants contend, the consent

decree bars a Muslim inmate from ever asserting new claims related to religious practices in Texas prisons. Defendants cite no case for that astounding proposition, and the large number of civil rights claims filed by Muslim inmates in which Texas federal courts have addressed the merits belies it.

Plaintiff's claims against Livingston thus survive the motion to dismiss.

For the reasons discussed above, the Court **ORDERS:**

1. The motion to dismiss (Docket Entry No. 24) is **GRANTED** as to defendants TDCJ, Lopez and Reescano. These defendants are dismissed from this lawsuit.

2. The motion to dismiss is **DENIED** as to defendant Livingston. In this regard, defendant shall have forty-five days from the date of entry of this order to file a motion for summary judgment. Defendant must submit, with a business records affidavit, copies of any documents relevant to plaintiff's claims and defendant's defense, including copies of any written TDCJ-CID rules or written unit rules relevant to the alleged events forming the basis of this lawsuit. If defendant fails to file a motion for summary judgment within the designated time limit, defendant is **ORDERED** to file an advisory regarding the reasons why summary judgment is inappropriate in this case.

3. The plaintiff will respond to defendant's motion for summary judgment within thirty days of the date in which defendants mailed plaintiff his copy, as

shown on the defendants' certificate of service.  Plaintiff's failure to timely respond to defendant's motion will result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

    4.    Each party must serve the other party, or his counsel, with a copy of every pleading, motion, or other paper submitted for consideration by this Court.  Service must be by mail to the other party.  Every pleading, motion, or other document filed with the Clerk of the Court must be signed by at least one attorney of record in his individual name, whose address must be stated, or if the party is proceeding *pro se*, by said party, with address likewise stated.  In the case of the *pro se* party, <u>only signature by the *pro se* party</u> will be accepted.  If a layman signs a pleading, motion, or other document on behalf of a *pro se* party, such document will not be considered by the Court.

    5.    Every pleading, motion, or other document must include on the original a signed certificate stating the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed.  Failure to mail a copy thereof as certified by the certificate will subject that party to sanction by the Court.  Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document

    SIGNED this 23rd day of December, 2013.

                                                      _____
                                                         United States District Judge